1
2
3
4
5
6
7
8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10    FREE ODELL SMITH,

11              Petitioner,                    No. CIV S-07-1462 GEB EFB P

12          vs.

13    DERRAL ADAMS, Warden,

14              Respondent.               <u>FINDINGS AND RECOMMENDATIONS</u>

15    _____/

16          Petitioner is a state prisoner without counsel seeking a writ of habeas corpus.  *See* 28

17    U.S.C. § 2254.  Respondent moves to dismiss on the ground petitioner failed to exhaust state

18    remedies.  Petitioner opposes and requests that this action be stayed while he exhausts the

19    available state remedies with respect to some of his claims.  He also requests leave to file an

20    amended petition containing only exhausted claims.  For the reasons explained below, the

21    respondent's motion to dismiss and petitioner's motion to stay must be granted in part and

22    denied in part, and petitioner's motion to file an amended petition must be granted.

23    **I.    Procedural History**

24          On January 10, 2005, petitioner was convicted of one count of second degree murder in

25    the Sacramento County Superior Court.  Resp.'s Mot. to Dism., Docs. Lodged in Supp. Thereof

26    ("Lodg. Doc."), 1.  He appealed, arguing that the trial court erred in the following ways: (1)

1

1  denying petitioner's pre-trial request for new counsel; (2) failing to hold a post-verdict hearing

2  on petitioner's request for new counsel; and (3) refusing to permit petitioner to file, *pro se*, a

3  motion for a new trial.  Lodg. Doc. 2.   On May 12, 2006, the appellate court affirmed.  *Id.*

4  Petitioner filed a document in the California Supreme Court styled, "Petition for Review."  Lodg.

5  Doc. 3.  However, instead of seeking review of the appellate court's decision, he claimed that

6  appellate counsel's refusal to file a petition on his behalf and her withdrawal from representing

7  him violated his Sixth Amendment right counsel.  *Id.*, at 2-3.  Petitioner's appellate counsel

8  wrote to him explaining that she did not believe there was any basis for seeking the discretionary

9  review of the California Supreme Court and sent him the transcripts of the proceedings in his

10  case.  *Id.*, at 6.

11      On July 26, 2006, the California Supreme Court construed the document as a petition for

12  review and denied it without citation or explanation.  Lodg. Doc. 4.  On May 11, 2007, petitioner

13  filed a petition for a writ of habeas corpus in the California Supreme Court.  He raised the

14  following grounds for relief: (1) the trial court permitted the jury to rely on the same underlying

15  facts to find that there existed two distinct statutory grounds for enhancing petitioner's sentence

16  in violation of the Equal Protection Clause and the Due Process Clause of the Fourteenth

17  Amendment; (2) the trial court violated petitioner's rights under the Sixth Amendment by

18  refusing to permit counsel to present evidence in support of the theory of imperfect self-defense;

19  (3) the trial court failed to give a complete instruction on the definition of "malice" and, other

20  than referring the jury to the instructions already given, refused to respond to the request for an

21  explanation of the difference between malice aforethought and premeditation;" (4) the trial court

22  gave a faulty reasonable doubt instruction in violation of the Sixth and Fourteenth Amendments;

23  (5) trial counsel was ineffective by failing to retain an expert to contest the prosecution's

24  evidence concerning the distance from which the victim was shot and other evidence based on

25  the autopsy report; (6) failing to investigate the mental health history of Scott Appleby in order

26  to impeach him; (7) failing to attempt to locate a witness who could provide exculpatory

information about the shooting; (8) failed to argue that the prosecution's key witness, Scott
Appleby, was an accomplice to the murder; (9) failed to call Harry and Judith Jones, who would
have testified to petitioner's reputation for honesty and to facts showing that Scott Appleby was
not a credible witness; (10) failed to present evidence supporting a theory of imperfect self-
defense; (11) failing to call petitioner's girlfriend, Tanisha Eagle, to testify to an alibi and to
facts contradicting the testimony of one of the detectives who testified for the prosecution; (12)
by failing to file a number of motions which would have given counsel access to material,
exculpatory evidence; (13) appellate counsel was ineffective by including in her brief an
assertion that petitioner had requested someone store a rifle for him, even though there was no
evidence to that effect at trial; (14) by failing to file a habeas petition with the appellate brief;
(15) appellate counsel was ineffective by failing to inform petitioner of the time limit for seeking
reconsideration in the appellate court and by refusing to file a petition for review in the
California Supreme Court; and, (16) appellate counsel's failure to raise a number of claims on
direct appeal.  On May September 19, 2007, the California Supreme Court denied relief, citing *in
re Dixon*, 41 Cal.2d 756 (1953); *People v. Duvall*, 9 Cal.4th 464, 474 (1995); *In re Swain*, 34
Cal.2d 300, 304 (1949).

On July 23, 2007, petitioner filed a petition for a writ of habeas corpus in this court.   In
it, he makes the following claims for relief: (1) the trial court denied petitioner's request for
substitute trial counsel in violation of the Sixth Amendment; (2) trial court denied petitioner's
post-verdict request for substitute counsel in violation of the Fourteenth Amendment; (3) trial
court denied petitioner's request to file a motion for a new trial and a continuance to file such a
motion *pro se* in violation of the Fourteenth Amendment; (4) the trial court improperly answered
the jury's question about "malice aforethought," and "premeditation" thereby shifting the burden
of proof to the defense in violation of the Fourteenth Amendment; (5) relying on the same facts
to enhance petitioner's sentence under two different statutes violated petitioner's rights under the
Sixth and Fourteenth Amendments; (6) the trial court's jury instructions on manslaughter,

voluntary manslaughter, and involuntary manslaughter incorrectly reflected the state of the law in violation of the Due Process Clause of the Fourteenth Amendment; (7) permitting the prosecution to admit into evidence a t-shirt found on the vehicle of Nick Castello only weeks before trial violated the Due Process Clause of the Fourteenth Amendment; (8) the prosecutor engaged in misconduct during closing argument when he suggested that all African Americans have short, kinky hair, and thus the jury need not consider the appearance of petitioner's hair at the time of the crime in violation of the Due Process Clause of the Fourteenth Amendment; (9) the prosecution violated the Due Process Clause of the Fourteenth Amendment when he failed to disclose to the defense that a t-shirt with a red paint stain in the chest area had been found on Nick Castello's vehicle; (10) during closing argument, the prosecutor commented that petitioner could have, but did not, call Tanisha Eagle and Anthony Woods as witnesses in violation of the Due Process Clause of the Fourteenth Amendment; (11) the prosecutor's comment that it did not matter whether Scott Appleby or Nick Castello picked up a shell casing because one of them buried it relieved the prosecution of its burden of proof in violation of the Due Process Clause of the Fourteenth Amendment; (12) trial counsel failed to retain an expert to contradict the prosecution's evidence about the distance from which the victim was shot and other facts based on the autopsy report; (13) trial counsel failed to investigate the mental health history and current mental state of a key prosecution witness, Scott Appleby, in violation of the Sixth Amendment; (14) trial counsel was ineffective by failing to investigate and locate Anthony Woods, who had information beneficial to the defense; (15) trial counsel was ineffective by failing to call Tanisha Eagle to testify to an alibi; (16) trial counsel was ineffective by failing to call Harry and Judith Jones to testify about petitioner's character for truthfulness and honesty and Scott Appleby's character for deceit; (17) trial counsel was ineffective by failing to object to instructing the jury only on the heat of passion aspect of voluntary manslaughter, as opposed to imperfect self-defense; (18) trial counsel was ineffective by failing to argue that Scott Appleby was an accomplice or an aider and abetter; (19) the trial court denied petitioner a fair trial by refusing to

4

instruct the jury on involuntary manslaughter; (20) trial counsel was ineffective by failing to investigate the possibility that someone else was the killer, especially since witnesses were unable adequately to describe the shooter; (21) trial counsel was ineffective by failing to offer any mitigating evidence during sentencing, even though evidence of petitioner's good character was available; (22) counsel deprived petitioner of the right to be present at his trial by waiving petitioner's right to be present during an *in camera* hearing; (23) appellate counsel was ineffective by including in the appellate brief a fact that was not part of the trial record and by denying that petitioner and trial counsel had a personality conflict; (24) appellate counsel was ineffective by failing promptly to alert petitioner of the time for seeking rehearing following the appellate court's decision affirming the trial court's judgment;  (26) appellate counsel was ineffective by failing to raise on direct appeal grounds 4 through 21 alleged in the federal petition.

**II.    Standards**

Section 2254 of Title 28 of the United States Code imposes an exhaustion requirement[1] on state prisoners seeking federal habeas relief:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

It is important to note that federal habeas review is available for a state prisoner's *federal* claims, and that the exhaustion requirement is rooted in the doctrines of comity and federalism.  *Ex parte Royall*, 117 U.S. 241, 251 (1886) (creating a discretionary exhaustion requirement in order to

---

[1] A state may in any given case expressly waive the exhaustion requirement.  28 U.S.C. § 2254(b)(3).

avoid "unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution . . . ."); *Rose v. Lundy*, 544 U.S. 509, 515-516 (1982) (state and federal courts have responsibility to enforce federal law, and "when a prisoner alleges that his confinement violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."). Thus, a petitioner must give the state courts a fair opportunity to rule on his claims. This means he must present both the operative facts and the federal legal theory to the highest state court permitted under the state's rules. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution"). A petitioner must present his claims pursuant to the state's established procedures so as to ensure that the courts may reach the merits. *See Castille v. Peoples*, 489 U.S. 346 (1989) (claims raised in petition for *allocatur* but not in state post-conviction proceedings unexhausted where review on *allocatur* was discretionary but review in post-conviction proceedings was not); *see also Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (presenting in habeas corpus claims cognizable only in motion for post-conviction relief pursuant to rule of criminal procedure does satisfy exhaustion requirement). A California prisoner must present his claims to the California Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus. *See Carey v. Saffold*, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure).

A mixed petition, i.e., one containing exhausted and unexhausted claims, ordinarily must be dismissed. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). However, the court may stay a mixed petition to allow a petitioner to present unexhausted claims to the state courts. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

**III.   Analysis**

Respondent argues that petitioner failed to exhaust the available state remedies with respect to any of his claims. Petitioner asserts that the petition is not completely unexhausted.

1  Rather, it contains both exhausted and unexhausted claims.  Thus, he asserts this court should

2  stay this action and hold it in abeyance while he presents his unexhausted claims to the state

3  courts.

4         Respondent asserts that petitioner failed to exhaust his first three claims.  Petitioner

5  appears to concede this fact.  Opp'n, at 7-8.  The court, having examined the record, agrees that

6  these claims are not exhausted.  As noted above, petitioner presented his first three claims on

7  appeal, but after those claims were rejected counsel declined to file a petition for review in the

8  state supreme court.   Thus, petitioner himself submitted a document to the California Supreme

9  Court, which he styled "Petition for Review," but which did not seek review of any claims

10  denied on direct appeal.  Instead, the document argued that appellate counsel abandoned him.

11  The California Supreme Court issued an order summarily denying relief.  This fails to satisfy the

12  exhaustion requirement.

13         A basic principle of exhaustion is that a petitioner must fairly present his claims to the

14  state court.  Thus, he must present them in a manner which would permit the state courts to

15  consider them.  *See Roettgen*, 33 F.3d at 38.  Here, even though the California Supreme Court

16  issued an order stating that the petition was denied, there is no indication that the California

17  Supreme Court in any way reviewed the appellate court's decision.  Rather, as respondent notes,

18  that court is prohibited by its own rules from reviewing portions of decisions which the court is

19  not directly requested to review.  *See* Cal. Rules of Court, Rule 8.504(b) (governing contents of a

20  petition for review), and Rule 8.504(e)(3) (prohibiting, with limited exceptions not applicable

21  here, parties from incorporating arguments by reference).  Petitioner did not make a request for

22  review that even remotely complied with California's rules.   Thus, the court finds that petitioner

23  did not fairly present his first three claims to the California Supreme Court in a petition for

24  review.  Neither did he include them in the petition for a writ of habeas corpus filed in the

25  California Supreme Court.  Accordingly, petitioner failed to exhaust the first three claims in his

26  habeas petition.

1    Respondent argues that petitioner failed to exhaust the remainder of the claims in the

2    petition.  They argue that the petition for a writ of habeas corpus filed in the California Supreme

3    Court was inadequate to exhaust because the California Supreme Court denied the petition with

4    citations to *In re Duvall*, 37 Cal.Rptr.2d 259, 265 (Cal. 1995) and *In re Swain*, 34 Cal.2d 300,

5    304 (Cal. 1949).  Resp.'s Mot. to Dism., at 3.

6    Respondent is correct that denial of habeas relief with citation to *Swain* and *Duvall*

7    constitutes a denial without prejudice to bringing another habeas petition in an attempt to plead

8    the case with more specificity.  *See King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003) (construing

9    California Supreme Court's dismissal citing *Swain* and *Duvall*).  However, the Ninth Circuit also

10   has considered whether a citation to *Swain* is sufficient to find that the petitioner failed to

11   exhaust.  *Kim v. Villalobos*, 799 F.2d 1317, 1319 (9th Cir. 1986).  In *Kim*, the petitioner sought

12   habeas corpus relief in the trial court, the appellate court and then in the California Supreme

13   Court.  The California Supreme Court denied relief, citing a number of cases including *In re*

14   *Swain*, 34 Cal. 300, 304 (Cal. 1949).  The petitioner sought habeas relief in the federal court,

15   which found that petitioner had failed to exhaust all of his claims as required by *Rose v. Lundy*,

16   455 U.S. 509, 522 (1982).  *Id.*, at 1318.  Thus, petitioner returned to state court, filing a second

17   petition for a writ of habeas corpus in the California Supreme Court.  *Id.*  The petition was

18   identical to the first petition in that court, but he attached a number of exhibits in support of his

19   claims.  *Id.*  The California Supreme Court denied relief for the same reasons it denied the first

20   petition.  *Id.*  Petitioner then returned to federal court with his claims.  The district court

21   dismissed the petition for failure to exhaust.  *Id.*, at 1318-1319.  On appeal, the Ninth Circuit

22   reversed.

23   In *Kim*, the Ninth Circuit explained that even though citation to *Swain* is a dismissal

24   without prejudice to filing a new petition, it does not necessarily mean that the petitioner failed

25   to exhaust.  *Id.*, at 1319.  The court noted that the petitioner in that case alleged that he could not

26   state his claim with any greater particularity.  *Id.*, at 1319-1320.  If that were the case, "then the

8

1    California Supreme Court's denial for lack of particularity amounts to a holding that the claims

2    themselves are defective," and the petitioner would have exhausted the available state remedies.

3    *Id.*, at 1320.  The upshot, then, is that,

> The state courts, by denying a writ for lack of particularity when the claims are
> alleged with as much particularity as is practicable, cannot forever preclude the
> petitioner from reaching federal court.  Such a result would defeat the purposes of
> section 2254.  It is therefore incumbent upon [the federal court], in determining
> whether the federal standard of 'fair presentation' of a claim to the state courts
> has been met, independently to examine [the] petition to the California Supreme
> Court.

8    *Id.*, at 1320; *see also Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) ("Section 2254 does not

9    erect barriers to the invocation of federal habeas corpus."), *superseded on other grounds by*

10   *statute*.

11          The court has noted in detail above the allegations upon which petitioner sought post-

12   conviction relief from the California Supreme Court and upon which he seeks to proceed in this

13   court.  In claims 4, 5, 12 - 16, 18, 19, and 23 - 25  alleges the same legal theories supported by

14   essentially the same facts in both the state and federal petitions.  Furthermore, the level of detail

15   in his pleading is impressive.  He identifies alleged errors with specificity and explains why he

16   believes his rights were violated.  Significantly here, a habeas petitioner need not present the

17   state court with every piece of evidence supporting his federal claims.  *Davis v. Silva*, 511 F.3d

18   1005, 1009 (9th Cir. 2008).  A petitioner need only allege "the facts necessary to give

19   application to the constitutional principle upon which" he relies.  *Id.*  Moreover, especially in the

20   case of a petitioner proceeding without counsel, "petitions must be read in context and

21   understood based on the particular words used" therein.  *Peterson v. Lampert*, 319 F.3d 1153,

22   1159 (9th Cir. 2003).  As the United States Supreme Court has explained, the exhaustion

23   requirement is not meant to "trap the unwary *pro se* prisoner."  *See Slack v. McDaniel*, 529 U.S.

24   473, 487 (2000).  This court has examined the claims presented in the federal habeas petition to

25   those presented in the petition to the California Supreme Court.  In particular, petitioner

26   presented to the California Supreme Court a number of specific omissions on the part of counsel

1   and alleges that in the absence of those omissions, the outcome of trial would have been

2   different.  These allegations constitute the operative facts of a claim under *Strickland v.*

3   *Washington*, 466 U.S. 668, 690, 693-94 (1984).  He also has alleged that particular conduct on

4   the part of the prosecutor rendered his trial unfair.  Again, the allegations constitute the operative

5   facts of a claim of prosecutorial misconduct.  *See Donelly v. DeChristoforo*, 416 U.S. 637, 643

6   (1974).  His petition in the California Supreme Court also alleged that an erroneous jury

7   instruction and an incorrect response to the jury's question about a jury instruction rendered his

8   trial unfair.  These allegations gave the state court a fair opportunity to reach the merits of his

9   claims.  *See Middleton v. McNeil*, 541 U.S. 433, 437 (2004).  While it is unclear whether

10  petitioner's challenge to "double counting" facts in prior felonies in order to enhance his

11  sentence has merit, *see Riggs v. California*, 525 U.S. 1114 (1999) (Stevens, J., concurring in the

12  denial of petition for writ of certiorari), whether petitioner ultimately will prevail is not relevant

13  for purposes of this motion.  Finally, petitioner presents the same operative facts challenging

14  appellate counsel's performance in his federal petition that he presented to the California

15  Supreme Court.  *See Evitts v. Lucey*, 469 U.S. 387, 398-99 (1985).  Petitioner presented to the

16  California Supreme Court the allegations he presents to this court.  Furthermore, for purposes of

17  this court's exhaustion determination, the fact that petitioner could have pled his case with more

18  particularity does not render the claims unexhausted.

19        Having examined the petition for a writ of habeas corpus filed in the California Supreme

20  Court, this court finds that petitioner fairly presented to that court claims 4, 5, 12 - 16, 18, 19,

21  and 23 - 25 of the federal petition.  He did not even attempt to present the remainder of his

22  claims to the California Supreme Court.  Thus, claims 1 - 3, 6 - 11, 17, and 20 -  22 are not

23  exhausted.  Thus, the petition is mixed.

24        Petitioner recognizes that his petition is mixed and he therefore requests that the action

25  be stayed while he presents his unexhausted claims to the California Supreme Court.  For the

26  court to issue a stay, petitioner must demonstrate that he has good cause for his failure to

exhaust, he did not engage in intentionally dilatory tactics, and the unexhausted claims are not clearly without merit. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Petitioner asserts that his appellate counsel rendered ineffective assistance when she decided not to file a petition for review of the appellate court's disposition of the first four claims in the federal habeas petition. However, he makes no showing that there was any possibility of success on those claims in the California Supreme Court. *See Turner v. Calderon*, 281 F.3d 851, 872 (9th Cir. 2002) (failure to raise untenable issues on appeal does not constitute ineffective assistance of counsel). As to the other unexhausted claims, petitioner argues that his federal habeas petition should be deemed a "protective petition." The procedure of a "protective petition" is rooted in the possibility that a petitioner could in good faith spend a great deal of time attempting to exhaust the available state remedies only to find that his pleadings were not "properly filed," thereby rendering his federal petition untimely. *See Pace v. DiGugliemo*, 544 U.S. 408, 416 (2005). Petitioner does not explain when he became aware of those claims, why he did not include them in the petition he did file in the California Supreme Court, or whether he presently is attempting to exhaust them. Thus, this court cannot find that the federal petition is "protective" with respect to them.

**IV.    Conclusion**

For the reasons explained above, the court finds that the federal petition is mixed. Moreover, petitioner has not demonstrated that this court should stay the federal proceedings while he presents his unexhausted claims to the state courts and his request to stay this action and hold it in abeyance must be denied. However, he must be afforded an opportunity to amend his petition to include only exhausted claims .

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's November 26, 2007, motion to dismiss be granted in part and denied in part as discussed above;

2. Petitioner's December 26, 2007, motion to stay this action be denied;

////

3.  Petitioner's December 26, 2007, motion to file an amended petition containing only exhausted claims be granted; and,

4.  Petitioner be given 30 days to file an amended petition deleting his unexhausted claims and that he be warned that failure to file an amended petition will result in the dismissal of this action without prejudice.  *See Rose v. Lundy*, 544 U.S. 509, 522 (1982).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 21, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE