IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FREE ODELL SMITH,

    Petitioner,

vs.

DERRAL ADAMS, et al.,

    Respondents.

2:07-cv-1462-GEB-EFB-P

<u>ORDER</u>

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Currently pending before the court are petitioner's notice of appeal and his requests for an extension of time to file a request for a certificate of appealability and to proceed <u>in forma pauperis</u> on appeal. For the reasons explained below, these requests are denied.

**I. Procedural History**

    Late in 2007, respondents moved to dismiss this action on the ground that petitioner had failed to exhaust the available state remedies. <u>See</u> 28 U.S.C. § 2254(b). Petitioner opposed the motion, seeking an order staying this case and holding it in abeyance while he pursued state remedies and permitting him to file an amended petition containing only exhausted claims. On August 22, 2008, the magistrate judge recommended that respondent's motion to dismiss this

action be granted in part. The magistrate judge's findings and recommendations further recommended that this action not be stayed and that petitioner be directed to file an amended petition presenting his exhausted claims. Over petitioner's objection, this court adopted those findings and recommendations on September 25, 2008. Pursuant to the September 25, 2008, order, petitioner had 30 days to file an amended petition. However, he did not file an amended petition.[1] Instead, he wishes to appeal the September 25 order.

**II. Standards**

The Ninth Circuit's appellate jurisdiction extends to final decisions and certain interlocutory decisions of the district courts. 28 U.S.C. §§ 1291, 1292. A decision is final for purposes of appeal when it is "(1) a full adjudication of the issues, and (2) clearly evidences the judge's intention that it be the court's final act in the matter." Casey v. Albertson's Inc., 362 F.3d 1254, 1258 (9th Cir. 2004). Typically, the finality of a decision is evidenced by a separate document, i.e., the judgement, signed by the Clerk of the Court. See Fed. R. Civ. P. 58(a)(1). Interlocutory orders that may be appealed are those which do not terminate the litigation, but which: (1) conclusively determine a disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) effectively is unreviewable on appeal from final judgment. Truckstop.net, LLC v. Sprint Corp., 2008 WL 4710681, at *1, No. 07-35123 (9th Cir., October 28 1008).

**III. Analysis**

The order from which petitioner seeks to appeal determined that petitioner had not exhausted the available state remedies and had not demonstrated entitlement to the stay-abeyance procedure, and gave petitioner leave to file an amended petition. While the court identified petitioner's claims for relief in order to make a determination about exhaustion, it did not resolve those claims. There was not a full adjudication of the issues, and a grant of leave to amend

---

[1] Petitioner did in fact file an amended petition on November 26, 2008.

cannot possibly be said to have evidenced an intent that it be the final act in this matter. Moreover, the Clerk did not enter judgment. The September 25, 2008, order was not final for purposes of 28 U.S.C. § 1291. Thus, petitioner cannot demonstrate appellate jurisdiction on that basis.

Neither has petitioner demonstrated that it is an interlocutory order subject to appellate review. The appellate court reviews whether a petitioner exhausted the available state remedies on appeal of a final order disposing of the petition. See, e.g., Vang v. Nevada, 329 F.3d 1069, 1071-72 (9th Cir. 2003) (pursuant to § 1291, reviewing de novo the district court's determination that petitioner failed to exhaust). Petitioner has not identified, and the court has not found, any case in which the Ninth Circuit reviewed the question of exhaustion under the authority of 28 U.S.C. § 1292. There is no authority for this court to issue a certificate of appealability or to grant leave to proceed in forma pauperis on appeal from a non-appealable interlocutory order.

**IV. Conclusion**

For the reasons explained in this order, petitioner has failed to show that the Ninth Circuit has jurisdiction to review this court's September 25, 2008, order. Thus, the requests currently under consideration must be denied and petitioner must file an amended petition.

Accordingly, IT IS HEREBY ORDERED that:

1. The October 27, 2008, request for an extension of time to file a request for a certificate of appealability is denied; and,

2. The October 27, 2008, request for leave to proceed *in forma pauperis* on appeal is denied.

Dated: April 23, 2009

GARLAND E. BURRELL, JR.
United States District Judge